IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS LEE ANDERSON,

                Appellant,

v.                                                  OPINION & ORDER

BAYVIEW LOAN SERVICING, LLC                  16-cv-249-jdp
and U.S. TRUSTEE,

                Appellees.

---

Pro se appellant Thomas Lee Anderson appeals a final decision by the United States Bankruptcy Court for the Western District of Wisconsin dismissing his case for a violation of a previous court order and Anderson's failure to prosecute his case. Dkt. 1; B. Dkt. 73, at 16:7-14.[1] Anderson also has filed an emergency motion for injunctive relief asking that the court stop the sheriff's sale of his house that was scheduled for December 6, 2016. Dkt. 16.

For the reasons explained below, the bankruptcy court did not err when it dismissed Anderson's case, and there are no grounds for stopping the sheriff's sale. Accordingly, the court will affirm the bankruptcy court's decision and deny Anderson's motion for injunctive relief.

BACKGROUND

Anderson's bankruptcy case has its roots in a state-court foreclosure action. On January 23, 2012, Bank of America, N.A. filed a foreclosure action in the Circuit Court for Eau Claire County against Anderson and his wife, Barbara Anderson. *Bank of Am. NA v.*

---

[1] All "B. Dkt." citations refer to the bankruptcy court docket.

*Barbara E. Anderson*, No. 12-cv-54 (Eau Claire Cty. Cir. Court). The circuit court entered a judgment of foreclosure on June 22, 2012. *Id.*, *aff'd* 2014 WI App 97, 356 Wis. 2d 830, 855 N.W.2d 720 (per curiam). During the four years since that judgment, Anderson has been fighting the foreclosure action at all levels of the Wisconsin state court system and in the federal district and bankruptcy courts. *See, e.g., id.*; *Anderson v. Cramer*, No. 16-cv-43 (W.D. Wis. filed Jan. 19, 2016); *Anderson v. Nabke*, No. 15-cv-835 (W.D. Wis. filed Dec. 30, 2015); *Anderson v. United States*, No. 15-cv-812 (W.D. Wis. filed Dec. 18, 2015); *In re Anderson*, No. 15-13157 (Bankr. W.D. Wis. filed Aug. 31, 2015).

On June 19, 2015, Bank of America assigned its right, title, and interest in the 2012 judgment to appellee Bayview Loan Servicing, LLC. Dkt. 16-2. Although Bayview scheduled a sheriff's sale for the property on September 1, 2015, Anderson filed a Chapter 13 bankruptcy petition on August 31, 2015, which resulted in a stay of the sale. *In re Anderson*, No. 15-13157, Dkt. 1. However, on November 17, 2015, the bankruptcy court found that Anderson failed to file required documents and dismissed his petition for "want of prosecution or because no Plan has been confirmed." *Id.*, Dkt. 28.

Bayview scheduled another sheriff's sale for February 2, 2016, but Anderson filed a second Chapter 13 bankruptcy petition before the sale could take place. *In re Anderson*, No. 16-10290 (Bankr. W.D. Wis. filed Feb. 2, 2016). Bayview moved to dismiss the petition under 11 U.S.C. § 109(g)(1), which bars debtors from refiling for bankruptcy within 180 days of the dismissal of a previous petition for failure "to abide by orders of the court, or to appear before the court in proper prosecution of the case." B. Dkt. 24. The Trustee also moved to dismiss the case for failure to prosecute, arguing that Anderson had failed to comply with court orders and file required the bankruptcy plan. B. Dkt. 38. The bankruptcy

court dismissed Anderson's case on April 7, 2016, B. Dkt. 54, and that decision is the subject of Anderson's current appeal. Bayview subsequently rescheduled the sheriff's sale for December 6, 2016. Dkt. 16-1.

## ANALYSIS

"In a bankruptcy appeal, issues of law are reviewed de novo; factual findings may be set aside only if they are clearly erroneous." *In re Kelly*, 392 B.R. 750, 754 (W.D. Wis. 2007) (citing Fed. R. Bankr. P. 8013). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Anderson contends that the bankruptcy court erred in dismissing his case because (1) the bankruptcy court failed to make any findings of fact or conclusions of law in its order; (2) Bayview did not have "standing" to file a motion to dismiss in his case; (3) the bankruptcy court relied on speculative and hearsay evidence that Bayview was a creditor because Bayview had not yet filed a proof of claim with the court; (4) the bankruptcy judge improperly gave legal advice at the hearing when it told Bayview to file the assignment of judgment; and (5) the Trustee did not have legitimate grounds on which to file its motion to dismiss.

Anderson does not explain his first contention in any detail, arguing only that even though the bankruptcy court stated in its April 7, 2016 order that it based its decision on "the Court's findings and conclusions as entered on the record," Dkt. 1-1, it did not state its findings anywhere in the record. However, a review of the transcript of the motion hearing

held by the bankruptcy court shows that Anderson is mistaken; the judge entered her findings on the record at the hearing. *See* B. Dkt. 73, at 15-16, 18.

Anderson's second, third, and fourth contentions relate to Bayview's interest in this case and whether the bankruptcy court could base its decision on Bayview's motion to dismiss. Anderson does not challenge Bayview's contention and the bankruptcy court's holding that his petition violated the 180-day bar on successive petitions in 11 U.S.C. § 109(g)(1), which is supported by the record. Instead, he argues that Bayview did not have standing to file a motion to dismiss in his bankruptcy case because it did not file a proof of claim or prove that it had been assigned a valid judgment following the state court foreclosure action.

As Bayview points out, a party in interest, including a creditor, "may raise and may appear and be heard on any issue in a case." 11 U.S.C. § 109(b). A creditor is "any entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). The term "entity" includes any "person," and corporations like Bayview are considered persons under the bankruptcy code. 11 U.S.C. §§ 101(15), (41). Because the bankruptcy court found and the record confirms that Bank of America assigned its foreclosure judgment on Anderson's property to Bayview in 2015, Bayview is a creditor with standing to appear in Anderson's bankruptcy case.

Anderson takes issue with the fact that Bayview did not file a proof of claim with the bankruptcy court before filing its motion. But nothing in the bankruptcy code requires this. Bayview's claim arose before Anderson filed his second petition for bankruptcy, which is all that is required under § 101(10)(A). *See also* 11 U.S.C. § (5)(A) ("Claim" means "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed,

4

contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."). Further, at the hearing on the motion to dismiss, Bayview explained that it could not yet file the assignment of judgment in state court because Anderson had twice filed for bankruptcy. B. Dkt. 73, at 7-8. The bankruptcy judge then ordered Bayview to file the assignment in her court. *Id.* at 17. Although Anderson characterizes this action as "legal advice," the hearing transcript shows that the court merely issued an order to ensure that the record was complete and did not recommend any course of action or advise any party of their rights.

Anderson also contends that the state court judgment, and therefore Bayview's status as a creditor, is void for a variety of reasons. But as the bankruptcy court correctly held, B. Dkt. 73, at 13, 15-16, lower federal courts (such as this court and the bankruptcy court) do not have the authority to review state court decisions in foreclosure actions. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Williams v. Ameriquest Mortg. Co.*, No. 14-cv-0401, 2014 WL 3687729, at *3-4 (N.D. Ill. July 24, 2014) (finding that the court lacked subject matter jurisdiction under *Rooker-Feldman* doctrine because plaintiff alleged injury resulting solely from state-court judgment for foreclosure and sale). Anderson must raise his objections about the validity of the foreclosure judgment in state court or obtain relief from the U.S. Supreme Court.

In sum, because Anderson has failed to show that the bankruptcy court erred or abused its discretion in considering and granting Bayview's motion to dismiss, this court will affirm the dismissal of his case under 11 U.S.C. § 109(g)(1).

Anderson also challenges the bankruptcy court's decision to grant the Trustee's motion to dismiss for failure to file required documents, arguing that: (1) the Trustee did not identify in its motion to dismiss what documents Anderson failed to file; and (2) even though it became apparent at the hearing that he had not filed a Chapter 13 plan, he had a good reason for not doing so because Bayview had not yet filed a proof of claim. Because neither appellee responded to these arguments, Anderson suggests that they have forfeited their right to do so. Although that may be true, it does not matter whether the bankruptcy court had grounds to grant the Trustee's motion to dismiss because it had another, valid reason to dismiss Anderson's petition. Therefore, it is unnecessary to consider Anderson's arguments with respect to the Trustee's motion.

Finally, because the court is affirming the dismissal of Anderson's bankruptcy case, he is not entitled to injunctive relief from the sheriff's sale of his home.

ORDER

IT IS ORDERED that:

1. The final decision of the United States Bankruptcy Court for the Western District of Wisconsin dismissing appellant Thomas Lee Anderson's petition for bankruptcy is AFFIRMED.

2. Anderson's motion for injunctive relief, Dkt. 16, is DENIED.

Entered January 23, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge